IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

YOLUNDA K. STRONG                                                                     PLAINTIFF

vs.                              CIVIL NO. 05-2006

JO ANNE B. BARNHART, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Yolunda Strong, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying her claims for disability insurance benefits (hereinafter "DIB"), under Title II of the Social Security Act (hereinafter the "Act").

**Procedural Background:**

The application for DIB now before this court was protectively filed on May 14, 2003, alleging an onset date of April 18, 2003, due to severe headaches, asthma, anxiety, depression, lower back pain, neck pain, leg pain, wrist/hand pain, high blood pressure, gastroesophageal reflux disease "GERD"), chronic fatigue, foot pain, and dizziness. (Tr. 18, 36-39). An administrative hearing was held on May 3, 2004. (Tr. 28). Plaintiff was present and represented by counsel.

At the time of the hearing, plaintiff was thirty-two years old and possessed a high school education. (Tr. 15). Her past relevant work ("PRW") was as a home health aide. (Tr. 15).

On July 20, 2004, the Administrative Law Judge (hereinafter "ALJ"), issued a written decision finding that plaintiff's asthma, obesity, gastroesophageal reflux disease ("GERD"), and hypertension. (Tr. 22). However, he concluded that they did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 22). After discrediting

plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity (hereinafter "RFC"), to perform light work, limited by her ability to occasionally crouch, kneel, crawl, climb stairs, and be exposed to dust, fumes, and pollutants. Further, he found that plaintiff could not work around ropes, ladders, scaffolds, or hazardous moving machinery. With the assistance of a vocational expert, the ALJ then determined that plaintiff could perform the positions of cashier and production worker. (Tr. 23).

On January 19, 2005, the Appeals Council declined to review this decision. (Tr. 6-8). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. (Docs. # 7, 8, 9). Plaintiff and the Commissioner have both filed appeal briefs. Further, plaintiff has also filed a motion to submit new and material evidence. (Doc. # 15). The case is now ready for decision.

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of

those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003), 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

**Discussion:**

A thorough review of the record indicates that the ALJ failed to properly consider the medical evidence in determining plaintiff's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, plaintiff has been diagnosed with severe asthma on numerous occasions. The only RFC assessment contained in the file was completed by a non-examining, agency consultant. (Tr. 279-291). In this assessment, Dr. Jerry Thomas concluded that plaintiff could lift ten pounds occasionally and less than ten pounds frequently, stand and walk for about two hours during an eight-hour workday, and sit for about six hours during an eight-hour workday. (Tr. 280). Further, he determined that she should avoid even moderate exposure to extreme heat, fumes, odors, dusts, gases, and poor ventilation. (Tr. 283).

In addition, Dr. Brad Williams, a non-examining consultative psychologist, prepared the only mental RFC assessment contained in the file. (Tr. 296-314). He determined that plaintiff would have moderate limitations regarding her ability to maintain attention and concentration for extended periods of time, complete a normal work-day and workweek without interruptions, accept instructions, respond appropriately to criticism from supervisors, and set realistic goals or make plans independently of others. (Tr. 296-297).

Contrary to the ALJ's assertion, his RFC determination is not in agreement with the "opinions of the state agency consultants who have provided assessments at the initial and reconsideration levels." (Tr. 20). The ALJ actually concluded that plaintiff maintained the RFC to perform light work, limited by her ability to occasionally crouch, kneel, crawl, climb stairs, and be exposed to dust, fumes, and pollutants. (Tr. 22). Further, he found that plaintiff could not work around ropes, ladders, scaffolds, or hazardous moving machinery. (Tr. 22). Because there is no medical evidence to support the ALJ's finding that plaintiff is able to perform light work and suffers from no mental impairments that affect her ability to perform work-related activities, we believe that the ALJ's RFC assessment is not supported by substantial evidence. Accordingly, remand is necessary to allow the ALJ to reevalute the medical evidence of record.

The evidence also reveals that Dr. Patricia Walz diagnosed plaintiff with possible borderline intellectual functioning. (Tr. 294). However, this was not taken into consideration by the ALJ. *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record). Therefore, on remand, the ALJ is also directed to properly consider the mental evaluation completed by Dr. Walz.

Further, we also note that none of plaintiff's treating physicians have completed an RFC assessment for the time period in question. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). We note, that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Accordingly, on remand, the ALJ is directed to address interrogatories to the physicians who have treated plaintiff, asking the physicians to review plaintiff's medical records; to complete a physical and mental RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this <u>3rd</u> day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE